Donald G. AYERS, Plaintiff,

v.

COPPERWELD CORPORATION et al., Defendants.

Civ. A. No. H–78–1736.

United States District Court,
S. D. Texas,
Houston Division.

April 9, 1980.

Ronald L. Ramey, Houston, Tex., for plaintiff.

Richard Morrison, Gray, Roche, Burch & Morrison, Houston, Tex., for defendants.

MEMORANDUM AND ORDER

CIRE, District Judge.

Plaintiff, Donald G. Ayers, instituted this action in State Court against Copperweld Corporation, who thereafter removed the case to this Court on the basis of diversity. By amended complaint, Plaintiff then added Copperweld's subsidiary, Regal Tube

Company, as an additional Defendant. Both Defendants have filed motions to dismiss pursuant to Rule 12(b)(2), Fed.R. Civ.P., claiming that this Court lacks personal jurisdiction over them.

Plaintiff's cause of action is one for recovery of amounts due him under an employee incentive compensation plan. Plaintiff was employed by Defendant, Regal Tube Company, a wholly-owned subsidiary of Defendant, Copperweld Corporation. Plaintiff maintains that this Court has jurisdiction over these Defendants because they are doing business in the State of Texas.

Copperweld and Regal Tube have alleged, through affidavits of their respective vice-presidents, that they are not registered to do business in the State of Texas, have not appointed an agent for acceptance of service of process in Texas, and have no assets in Texas. The affidavits also state that the Plaintiff's employment, from which this action arises, was from November 1972 through October 1975, at Regal Tube's main office and only place of business in Bedford Park, Cook County, Illinois, and that Plaintiff was not an employee of Copperweld Corporation. At all times during his employment with Regal Tube, Plaintiff was a resident of the State of Illinois.

The Defendants' affidavits further show that the only connection either defendant has with the State of Texas is through the sale of certain products manufactured by Regal Tube under an arrangement with White & Company, a Texas Corporation. Regal Tube's vice-president states that White & Company is an independent contractor that functions as a sales representative for Regal Tube on a commission basis. White solicits customers for Regal Tube in the name of Regal Tube, and Regal Tube ships its products directly to such customers and invoices them directly for the products shipped. White & Company also acts in this capacity for two other subsidiaries of Copperweld Corporation. The affidavit of the President of White & Company states that White does no business in Texas with Copperweld Corporation itself.

■ As the party seeking to invoke this Court's jurisdiction, it is the Plaintiff's burden to make a *prima facie* showing of facts which establish that such jurisdiction exists. *Walker v. Newgent*, 583 F.2d 163 (5th Cir. 1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979). In an unsworn memorandum response to the Defendants' motions, Plaintiff alleges that the affidavits filed by the Defendants establish that they are doing business in Texas, both directly and through their agent, White & Company. Plaintiff maintains that the Defendants, through their own admissions, have shown that they transact local business of such a nature and character as to warrant the inference that they are subject to the jurisdiction of this Court. The Court will now examine each Defendant separately to determine whether Plaintiff has carried its burden of proving the facts necessary to establish that jurisdiction over each of them exists in this Court.

## COPPERWELD CORPORATION

■ This Defendant is a Pennsylvania corporation. Plaintiff alleges that jurisdiction over Copperweld exists by reason of the agency relationship maintained between White & Company and the three Copperweld subsidiaries. Plaintiff must go further. Where a plaintiff predicates an argument for jurisdiction on an alleged agency relationship, he has the burden of making a *prima facie* showing of its existence. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974). When a subsidiary of a foreign corporation is carrying on business in a particular state, the parent is not automatically subject to jurisdiction in that state. 4 Wright and Miller, Federal Practice and Procedure § 1069 (1969). In the instant case, the Plaintiff has failed to make the proper *prima facie* showing of the existence of an agency relationship with such degree of control so as to allow this Court to find that the doing of business of the subsidiary, Regal Tube Company, can be imputed to the parent, Copperweld Corporation. The Defendant, Copperweld, must, therefore, be dismissed from this law-

suit. See *Walker v. Newgent*, 583 F.2d 163 (5th Cir. 1978); *cert. denied*, 441 U.S. 906, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974).

## REGAL TUBE COMPANY

As a Pennsylvania corporation, with its principal and only place of business in Cook County, Illinois, this Defendant's contacts with Texas exist only through the previously outlined sales arrangement with White & Company. Again, the Plaintiff relies upon an agency relationship to establish the requisite jurisdictional showing that Regal Tube is doing business in the State of Texas. Plaintiff has left uncontroverted the assertions in Regal Tube's affidavit that Regal Tube has no authority or control over the business operations of White & Company. This court cannot, with the evidence before it, impute White & Company's activities to Regal Tube and jurisdiction over Regal Tube may not be maintained on an agency basis.

■ The fact remains, as established by affidavits of Regal Tube's vice-president and White & Company's president, that after solicitation by White & Company, Regal Tube receives orders directly from Texas residents and, in turn, ships its products directly to them. Such contacts, however, have absolutely nothing to do with the Plaintiff's cause of action to recover amounts alleged to be due him under an employee compensation plan arising out of his employment with Regal Tube Company in Illinois.

Whether or not a total lack of contacts connected to or arising from the asserted cause of action will preclude jurisdiction is not immediately clear. It has been held that a non-resident will be required to defend actions in Texas even though a suit bears no relation to the activities deemed necessary and sufficient to constitute minimum contacts. See *Black v. Acme Markets, Inc.*, 564 F.2d 681 (5th Cir. 1977); *Wilkerson v. Fortuna Corp.*, 554 F.2d 745 (5th Cir. 1977), *cert. denied*, 434 U.S. 939, 98 S.Ct. 430, 54 L.Ed.2d 299 (1977); *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591 (5th Cir. 1969); *Navarro v. Sedco, Inc.*, 449 F.Supp. 1355 (S.D.Tex.1978). A close examination of each of these cases reveals that an additional element was present in each case lending constitutional validity to requiring the particular Defendant to submit to the jurisdiction of a Texas Court. In *Black*, although the Court relied upon unrelated contacts, the anti-trust cause of action was treated analogously to one involving tortious conduct, and the defendant's conduct was alleged to have caused damage in Texas. 564 F.2d at 685, 686. In *Wilkerson*, the Court of Appeals specifically found that the defendant's "fortunes were continuously and intimately linked with" Texas and that the defendant's broad-based business activities in Texas gave rise to the asserted cause of action. 554 F.2d at 749, 750. While the plaintiff's tort action in *Eyerly Aircraft* did not arise out of the defendant's regular business activities in Texas, the entry of the injury-producing product into the State of Texas, where the injury occurred, was held to have been a foreseeable occurrence. 414 F.2d at 597. The District Court in the *Navarro* case found "no merit in defendant's contention that in order to be amenable to service [under] article 2031b, (the Texas long-arm statute), [a] plaintiff's cause of action must arise directly out of defendant's contacts with Texas." 449 F.Supp. at 1359–1360. The Court was, however, able to find that the defendant's transactions in Texas constituted a "constitutionally substantial and continuous connection" with the forum and that such activities concerned the type of business the defendant was engaged in with respect to the particular cause of action before the Court. 449 F.Supp. 1362, 1363.

■ While these cases establish that a defendant's other activities within the forum, even though wholly unrelated to the suit, may be looked to in order to determine if the minimum contacts requirement has been satisfied, this Court cannot conclude from them that, without some further connection to the asserted cause of action, such contacts will be sufficient to establish a

**596**

proper constitutional basis for personal jurisdiction. In the instant case, the contacts that Regal Tube has with Texas have neither been shown to be "substantial and continuous," nor "intimately linked" with Texas. The cause of action herein does not even indirectly arise out of these contacts. Plaintiff has made no showing of the exact extent, nature, and duration of these contacts, and the facts, as presented by the Defendants do not establish that this Court may constitutionally require Regal Tube to defend this action in Texas.

Accordingly, it is

ORDERED, that the motions to dismiss of the Defendants, Copperweld Corporation and Regal Tube Company be, and they are hereby GRANTED.